(100 South. 396)

No. 24193.

### GULF MOTOR CO. v. AVERY.

(Feb. 4, 1924. Rehearing Denied by Division B May 12, 1924.)

*(Syllabus by Editorial Staff.)*

Sales ⟨⟩191—Credit on purchaser's note on exchange of motor cars determined.

Where seller of automobile received as part payment buyer's touring car, which it agreed to sell and to credit buyer's note with what it received in excess of $2,100, and the touring car was sold for $2,000 and another car which was sold for $1,200, and $450 was spent in repairing the two cars, the note should be credited with $650 instead of $400.

Appeal from Fifteenth Judicial District Court, Parish of Calcasieu; Winston Overton, Judge.

Action by the Gulf Motor Company against Happel Avery. Judgment for plaintiff, and defendant appeals. Amended and affirmed.

McCoy & Moss, of Lake Charles, for appellant.

Pujo & Bell, of Lake Charles, for appellee.

By Division A, composed of O'NIELL, C. J., and BRUNOT and ROGERS, JJ.

BRUNOT, J. This is a suit upon a promissory note for $3,000, subject to an admitted credit of $400, and for interest and attorneys' fees. The note is secured by a chattel mortgage on a Cadillac automobile.

From a judgment in favor of the plaintiff as prayed for in the petition, the defendant has appealed.

Only questions of fact are presented, and the only issue in the case is the credit to which defendant is entitled.

From the pleadings it appears that defendant purchased a suburban style Cadillac automobile from the plaintiff, and as a part of the consideration therefor he made and executed his promissory note for $3,000, secured by a chattel mortgage on the car, and for the remainder of the purchase price he exchanged and delivered to the plaintiff a Cadillac touring car upon the following terms and conditions, viz.: That plaintiff was to sell the touring car, and when sold he was to credit defendant's note with the price received therefor in excess of $2,100.

From the record it appears that plaintiff exchanged the Cadillac touring car for a secondhand Premier car and $2,000 in money, and subsequently sold the Premier car for $1,200. By reason of this exchange and sale defendant contends that he is entitled to a credit on his note in excess of the sum admitted by plaintiff.

Defendant also contends that the note sued upon bore no date at the time of its execution; it being agreed that, if the Cadillac touring car was not sold within 30 days thereafter, the note would be dated as of January 26, 1920. It appears that Mr. Leveque dated the note at a time subsequent to making thereof and out of the presence of the maker. This, however, is of little importance because the only question at issue is not affected by it.

It appears that plaintiff repaired defendant's Cadillac touring car at a cost of $350, and made some repairs upon the Premier car in order to put the cars in salable condition. The evidence is not satisfactory as to the cost of repairs to the two cars, but it is sufficiently certain to fix the amount at about $450. It appears that the Premier car was sold for $1,200. Plaintiff says that he realized $450 net on this transaction, and that he credited defendant's note with $400 thereof, really allowing the defendant a larger credit than he was entitled to.

We have read the record carefully, and we cannot reach plaintiff's conclusion. Plaintiff sold the suburban Cadillac for $5,100. He received defendant's note for $3,000 and defendant's Cadillac touring car, agreeing to sell the touring car and to credit defendant's note with the price received therefor in excess of $2,100. He sold the touring car for $2,000 and a Premier car. He spent $450 in repairing the two cars and sold the Premier car for $1,200; he, therefore, received for the two cars $3,200, less $450, the cost of repairs, or a net amount of $2,750. The calculation shows that the net amount received by plaintiff from these several transactions in excess of $2,100 was the sum of $650, and this sum represents the credit which should be given defendant on the note sued upon.

For these reasons the judgment of the lower court is amended to the extent that defendant be decreed to be entitled to a credit of $650 on the note sued upon, and that in all other respects the judgment of the lower court is affirmed. The appellee to pay the costs of the appeal.